UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
TIMOTHY A. TURNER,                    :
                                      :
       Plaintiff,                  :    Civ. No. 15-5499 (RBK) (KMW)
                                      :
    v.                                :
                                      :    **OPINION**
M. RODGER, et al.,                    :
                                      :
       Defendants.                 :
_____:

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODCUTION

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fairton, in Fairton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's application to proceed *in forma pauperis* was previously granted.

At this time, the complaint will be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this Opinion. Plaintiff names six defendants in his complaint; specifically: (1) M. Rodger – Acting Director; (2) Charles Norwood – Regional Director; (3) J.T. Shartle – Warden; (4) Ms. Angud – Administrator; (5) Sharon Cooke – RN.

Plaintiff alleges that from February 14, 2014 to February 10, 2015, he made over ten attempts to alert medical staff to his medical problems. On January 15, 2015, plaintiff reported to F.C.I Fairton's Health Services Department due to blood in his urine and severe pain in his lower back. He was treated with morphine and hydrated with fluids. He was told at that time that he had a kidney stone. Later that day, he reported back to Health Services because he saw a serious amount of blood again. He was treated with morphine and hydrated again. Additionally, a catheter was inserted. However, the catheter ultimately caused a urinary tract infection on plaintiff.

On January 19, 2015, plaintiff reported to the medical department but was told to go back to his housing unit by a physican assistant named Cook.[1] Plaintiff subsequently saw an associate warden and showed him the blood in his catheter. At that point, plaintiff was sent back to medical and then taken to the hospital after he passed out.

On February 10, 2015, plaintiff had his right kidney removed through a nephrectomy and also had hernia surgery.

Plaintiff states that he was not provided with his post-operation necessary medication by Health Services until March 2, 2015. As a result, he lost thirty pounds and could not eat.

Plaintiff claims that he should have been seen by a urologist when the first sign of trouble started. He asserts this would have allowed for a biopsy to be performed and could have lead to possible less invasive surgery. However, due to the late stage of the cancer found, plaintiff had to undergo a nephrectomy.

---

[1] As the spelling is different as the named defendant Cooke, and this Cook is listed as a PA whereas the named defendant is listed as an RN, the Court will presume for purposes of this screening Opinion that this is not the named defendant in this case.

Plaintiff claims that defendants Shartle, Norwood and Rodger are liable because they denied his prisoner grievance complaints.

He seeks monetary damages from the defendants for their misdiagnosis, medical malpractice and deliberate indifference to his medical needs.

### III.     STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223, (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim) (citations omitted).

support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

    B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr.28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

### IV.   DISCUSSION

    A. Defendants Rodger, Norwood & Shartle

"In order for liability to attach under [*Bivens* ], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard,* 532 F. App'x 78, 81 (3d Cir.2013) (per curiam) (citing *Rode v. Dellaciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal

involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."*Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (citation omitted).

Plaintiff argues that defendants Rodger, Norwood and Shartle are liable because they denied his prisoner grievance complaints. Typically, a plaintiff appealing grievances to the prison administrator is not enough to impose knowledge against the prison administrator of the wrongdoing. *See Croom v. Wagner,* No. 06–1431, 2006 WL 2619794, at *4 (E.D.Pa. Sept.11, 2006) ("[N]either the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode*, 845 F.2d at 1208; *Pressley v. Blaine,* No. 01–2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D.Pa. May 17, 2006) (citing *Garfield v. Davis,* 566 F.Supp. 1069, 1074 (E.D.Pa.1983))); *see also Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior.* The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted). Furthermore, this is not a situation where plaintiff has alleged an ongoing violation that could potentially make these three defendants who purported reviewed plaintiff's prisoner grievance complaints liable. *See Cardona v. Warden—MDC Facility,* No. 12–7161, 2013 WL 6446999, at *5 (D.N.J. Dec.6, 2013) (collecting cases and noting that a plaintiff may have a claim against a supervisory defendant who reviewed a grievance where the plaintiff alleges an ongoing violation). Indeed, the prison grievances that plaintiff attached to his complaint were filed after his surgery. Thus, plaintiff fails to state a federal claim against these three defendants upon which relief may be granted such that they will be dismissed without prejudice.

B. <u>Defendants Angud, Morales and Cooke</u>

Plaintiff appears to be asserting an Eighth Amendment claim against these three defendants. To assert an Eighth Amendment claim:

> a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir.2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official:
>
> "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse,* 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979) (quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976).

*Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir.2013) (per curiam). Furthermore, deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent,* 505 F. App'x 199, 202 (3d Cir.2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard,* 492 F. App'x 230, 236 (3d Cir.2012) (per curiam) (quoting *Atkinson v. Taylor,* 316 F.3d 257, 272–73 (3d Cir.2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987))).

Besides mentioning Angud, Morales and Cooke as defendants, the complaint is completely silent with respect to their involvement in plaintiff's medical treatment (or lack thereof) as stated in the complaint. Thus, plaintiff fails to state how these three defendants were personally involved in the alleged deprivation of his constitutional rights. *See Fears*, 532 F. App'x at 81 (citing *Rode*, 845 F.2d at 1207). He does not allege that either of these three defendants specifically: (1) knew of plaintiff's need for medical treatment but intentionally refused to provide it; (2) delayed necessary medical treatment based on a nonmedical reason; (3) prevented plaintiff from receiving needed or recommended treatment, or (4) persisted in a course of treatment in the face of resultant pain and risk of permanent injury. Accordingly, plaintiff fails to state a federal claim against these defendants upon which relief may be granted such that his federal claims against these defendants will be dismissed without prejudice.

  C.  State Law Claims

As stated above, there are no more federal claims remaining against the defendants. The remaining potential basis for plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* §1367(c)(3). Because plaintiff's federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over the state law claims against the defendants.

### V.   CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice as plaintiff fails to state a federal claim upon which relief may be granted and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Because it is possible that plaintiff

may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, plaintiff will be given leave to file a proposed amended complaint should he elect to do so. An appropriate Order will be entered.


DATED:  August 11, 2015

                                              <u>s/Robert B. Kugler</u>
                                              ROBERT B. KUGLER
                                              United States District Judge